UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEMBERSELECT INSURANCE CO.
(BRUCE DUNBAR),

    Plaintiff,

v.

COFINITY, INC. and AETNA HEALTH,
INC.,

    Defendants.

Case No. 2:18-cv-12554
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

# OPINION AND ORDER
# GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13]

In 2014, Corey Dunbar sustained serious injuries in a car accident. Dunbar was covered by his father's no-fault automobile insurance policy provided by Memberselect Insurance Company. Memberselect paid over $55,000 in resulting medical expenses. Dunbar was also covered as a dependent under his parents' self-funded, ERISA health-insurance plans provided by their employers. Memberselect requested reimbursement for Dunbar's medical expenses from Cofinity Inc., which administers his father's health insurance. Memberselect argued Cofinity was Dunbar's primary insurer according to Memberselect's policy on coordination of benefits. Cofinity refused the requests, stating that the mother's insurance plan was, in fact, Dunbar's primary health insurance coverage. Memberselect brought suit against Cofinity and its parent company, Aetna Health Inc. Defendants seek summary judgment on the ground that it is not the insurer responsible for Dunbar's medical expenses. (ECF No. 13.) For the reasons that follow, the Court grants Defendants' motion.

**I.**

The material facts of this case are not in dispute. On or about June 22, 2014, Corey Dunbar, a minor, was injured when he was struck by a motor vehicle. (ECF No. 1, PageID.9.) Dunbar was covered by a valid automobile insurance policy issued by Memberselect to his father, Bruce Dunbar. (*Id.*) The Memberselect policy provided for coordinated medical benefits in the case of personal injury from a motor vehicle accident. (*Id.*) Memberselect paid Dunbar's medical costs that resulted from the car accident. (*Id.* at PageID.10.)

At the time of the accident, Corey Dunbar was also insured under the health insurance plans of his father and mother. (*Id.* at PageID.9; ECF No.13-2, PageID.162.)

Defendant Cofinity was "created by AETNA Health, Inc. to provide services and products to other insurance companies, third party administrators (TPAs), and other health plans." (ECF No. 13, PageID.142.) Cofinity provides network services for Bruce Dunbar's health fund, the Electrical Workers' Insurance Fund (EWIF). (ECF No. 13, PageID.142.) These services are administered by Professional Benefits Services, Inc./Varipro, a third-party administrator of self-funded health benefits plans. (*Id.*; ECF No. 13-3, PageID.165.) EWIF was created through collective bargaining and is subject to the Employee Retirement Income Security Act of 1974 (ERISA). (*Id.*)

The health care plan of Corey Dunbar's mother, Judy Dunbar, is a self-funded plan through UMR-Beaumont. (ECF No. 13, PageID.146.) It too is governed by ERISA. That plan is not a party to this suit.

On November 24, 2014, Memberselect sent Cofinity a "formal notice of . . . subrogation rights," which stated that it considered Cofinity to be Dunbar's primary health insurer and planned to seek reimbursement for Dunbar's claims. (ECF No. 13-5, PageID.170.)

Memberselect's assertion that it was not Dunbar's primary insurer was based on its General Insuring Agreement, which sets out limits for benefits for bodily injury when the customer elects a "Coordinated Medical Benefits" plan.[1] (ECF No. 1, PageID.23.) The policy states, "it is agreed that primary medical insurance or health care benefit plans providing coverage for motor vehicle accident injuries are available to you or a resident relative and are your primary source of protection." (*Id.*) The policy goes on to say Memberselect will pay benefits for reasonable charges "except to the extent that . . . benefits are paid or payable under your primary protection." (*Id.*)

On April 28, 2014, a Memberselect claims specialist sent another letter to Cofinity, this time formally requesting reimbursement in the amount of $55,535.18. (ECF No. 13-6, PageID.173.) Memberselect identified itself as an "excess insurer." (*Id.*) On October 12, 2015, Memberselect sent a final letter to Cofinity again requesting reimbursement. (ECF No. 13-7, PageID.175.)

Varipro, on behalf of Cofinity, declined the requests for reimbursement based on a determination by Varipro that Judy Dunbar's health-insurance plan was primary over Bruce Dunbar's EWIF plan. (ECF No. 13-2, PageID.162.)

This determination was made based on the Coordination of Benefits provision in the EWIF summary plan description. (ECF No. 13-8, PageID.179.) The plan contains specific guidelines for determining primary and secondary plans for dependents. In relevant part, the policy states "(The 'Birthday Rule'): If a child is covered under both their mother's and father's plan, the plan of the parent . . . whose birthday is earlier in the year is primary." (*Id.* at PageID.180.) Judy Dunbar was born earlier in the year than Bruce Dunbar (March versus December). (ECF No. 13-2,

---

[1] It appears from the Renewal Declaration Certificate attached to MCIS's complaint that the Dunbar policy was a Coordinated Medical Benefits policy. (ECF No. 1, PageID.13–16.)

PageID.163.) The EWIF plan description also asks the customer "to ask your health care provider to submit claims to your primary carrier first." (ECF No. 13-8, PageID.180.)

After Defendants declined to reimburse Memberselect, Memberselect sued Aetna and Cofinity in the Wayne County Circuit Court. (ECF No. 1, PageID.7.) The case was then removed to this court. (ECF No. 1.)

On August 16, 2019, Defendants filed a motion for summary judgment. (ECF No. 13.) According to Local Rule 7.1(e), Memberselect's response was due 21 days later. Memberselect never filed a response.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

A District Court cannot grant summary judgment solely because the motion is unopposed. *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). "When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Id.* (citing *Stough*, 138 F.3d at 614).

**III.**

Defendants argue that this Court should grant their motion for summary judgment because, as a matter of law, Memberselect did not exhaust administrative remedies and does not hold any rights of reimbursement from Defendants.

**A.**

As an initial matter, the Court must address the law—state or federal, statutory or common—governing this dispute. Because this case involves self-funded insurance plans, ERISA preempts Memberselect's original state law claims. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987). ERISA empowers participants or beneficiaries to bring civil actions, but contains no provision allowing a cause of action for other insurance companies, such as Memberselect. *See* 29 U.S.C. § 1132(a)(1). But when the ERISA preemption provision "effectively deprive[s] a plaintiff of a state law claim," the Sixth Circuit premises jurisdiction on federal common law. *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir. 1994).

**B.**

Defendants first argue that Memberselect's complaint should be dismissed because Memberselect failed to exhaust administrative remedies as required by the EWIF plan.

Section 502(a)(1) of ERISA requires that a participant or beneficiary of an employer health care plan must "exhaust his or her administrative remedies prior to commencing suit in federal court." *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (internal citations omitted).

Defendants assert that Memberselect brings this suit as a subrogor of Corey Dunbar. (ECF No. 13, PageID.152.) This is incorrect. In an analogous case, the Sixth Circuit held that insurer Prudential "having paid benefits to the participant/beneficiary, is asserting its own rights under

federal common law in seeking a declaration of liability under the respective [coordination of benefits] clauses." *Prudential*, 1999 WL 617992 at *3 (citing *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir. 1994)). In both *Prudential* and *Thorn Apple Valley* a plaintiff automobile insurer brought an action against an ERISA benefit plan to recoup medical expenses paid to an insured. ERISA's exhaustion requirement "is not applicable where, as here, a . . . recoupment action—not a claim for benefits under ERISA—is brought by a nonparticipant or a nonbeneficiary of an ERISA plan." *Prudential*, 1999 WL 617992 at *3 (quoting *Auto-Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 818 F. Supp. 1078, 1083 (W.D. Mich. 1993), *rev'd on other grounds*, 31 F.3d 371 (6th Cir. 1994)).

Thus, because Memberselect is neither a participant nor beneficiary of Dunbar's ERISA plan, Memberselect is not subject to an exhaustion requirement.

## C.

The Defendants next assert that the Court should review Defendants' decision to deny Memberselect's reimbursement claim under an arbitrary and capricious standard. This argument is also misplaced. The cases cited by Defendants in support of their argument for arbitrary and capricious review apply only when "an administrator's decision to deny benefits is challenged under 29 U.S.C. § 1132(a)(1)(B)." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). As discussed above, Memberselect's claim is not one by a participant or beneficiary seeking to overturn a denial of benefits under ERISA. Instead, it is an independent claim for recoupment governed by federal common law. Since the Court is not reviewing a decision by Defendants, but simply resolving a dispute between two insurance contracts, no discussion of a standard of review is necessary.

**D.**

Once Defendants arrive at the substance of their argument, they are more convincing. Defendants argue that they are not responsible for reimbursing Memberselect because the terms of EWIF's plan state clearly that EWIF is not Corey Dunbar's primary insurer and the terms of EWIF's plan supersede those of the Memberselect plan. Memberselect disagrees; it contends that the language of its plan says it is not Corey Dunbar's primary insurer.

To resolve the dispute between the two plans, the Court applies federal common law rules of contract interpretation. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998). The federal common law rules of contract interpretation "dictate that we interpret [an insurance plan's] provisions according to their plain meaning, in an ordinary and popular sense." *Id.* (citing *Regents of the Univ. of Michigan v. Agency Rent–A–Car*, 122 F.3d 336, 339 (6th Cir.1997)). *See also US Airways, Inc. v. McCutchen*, 569 U.S. 88, 102 (2013); *Great-W. Life & Annuity Ins. Co. v. Allstate Ins. Co.*, 202 F.3d 897, 901 (6th Cir. 2000).

Take first Memberselect's plan. It states that when the customer elects coordinated medical benefits, as is the case here, he acknowledges that he has primary medical coverage through another insurance provider. It further states that Memberselect will not cover medical charges when "benefits are paid or payable under [his] primary protection." (ECF No. 1, PageID.23.) So the Memberselect plan suggests that the medical insurance plan held by one of Dunbar's parents should pay.

Now consider the EWIF plan. Its language leads to the conclusion that EWIF is not Corey Dunbar's primary medical insurer. The plan lays out the "Birthday Rule" for situations in which a child is covered under both his mother's and father's plans. (ECF No. 13-8, PageID.180.) And the "Birthday Rule" states that "the plan of the parent . . . whose birthday is earlier in the year is

primary." (*Id.*) Since Dunbar's mother's birthday is earlier in the year than his father's, his mother's ERISA plan is primary under the EWIF plan's terms.

So Memberselect's plan says that one of Corey Dunbar's parents' plan is primarily responsible for paying the $55,000; but Corey Dunbar's father's plan says it is not primarily responsible. Yet Memberselect has sued only the entities associated with EWIF plan—Cofinity and Aetna. Memberselect chose not to sue Corey Dunbar's mother's plan. So as far as the dispute before the Court—should Cofinity and Aetna reimburse Memberselect for the $55,000?—the Court resolves the dispute in favor of Defendants. In other words, giving full effect to the terms of both plans, Cofinity and Aetna have no responsibility to reimburse Memberselect.

**IV.**

Because EWIF cannot be considered Corey Dunbar's primary medical insurance under the terms of its policy, Memberselect's claim for recoupment fails and the Defendants are entitled to judgment as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment (ECF No. 13) is GRANTED and the case is DISMISSED.

SO ORDERED.

Dated: December 11, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
